UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KIRT D. ROBINSON, | Case No. 3:14-cv-00149-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| SHANNON HOWELL, | |
| Defendants. | |

This civil rights action by a Nevada state inmate comes before the Court on plaintiff's application to proceed *in forma pauperis* (dkt. no. 1) and for initial review. The Court finds based on the documents submitted that petitioner is unable to pay a substantial initial partial filing fee, and the application therefore will be granted.

Turning to initial review, plaintiff adequately states a claim for relief under the Fourteenth and/or Eighth Amendments against the defendant in her individual capacity for deliberate indifference to a serious medical need.

Plaintiff alleges that on May 15, 2013, nurse Shannon Howell gave him clobetasol for his psoriasis and told him to use it like his prior medication triamcinolone, which was applied daily. He alleges, however, that on June 19, 2013, Howell told him that she finally had read the usage information for clobetasol, and he was supposed to use that medication for a week or two at the most. According to the complaint, Howell nonetheless told him to use the remainder that he had and she thereafter would give him clobetasol only twice a week. Plaintiff alleges that on July 2, 2013, his entire body became inflamed, and he sustained sores and scars all over his body as a result.

Plaintiff states a claim for relief under the Fourteenth Amendment (if then a pretrial detainee) and/or the Eighth Amendment (following his conviction) for deliberate indifference to a serious medical need. *See, e.g., Simmons v. Navajo County, Arizona,* 609 F.3d 1011, 1017-18 (9th Cir. 2010) (in order to state a claim for relief for deliberate indifference to serious medical needs, the plaintiff must present factual allegations tending to establish that the defendant official knew of and disregarded an excessive risk to inmate health or safety). It, perhaps, might be argued that the defendant did not engage in deliberate indifference prior to June 19, 2013, in failing to read and follow the usage instructions initially. Medical misdiagnosis, differences in medical opinion, medical malpractice, and negligence do not amount to deliberate indifference to a serious medical need under the Eighth or Fourteenth Amendments. *See, e.g., McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1992), *rev'd on other grounds, WMX Tech., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997)(*en banc*); *Sanchez v. Vild,* 891 F.2d 240, 241-42 (9th Cir.1989). However, the complaint, read liberally, adequately states a claim for deliberate indifference due to the defendant's failure to immediately discontinue administration of the medication and/or determine the proper medical course after she learned that the medication should not be used for more than two weeks.

The complaint does not state a claim for relief, however, as to the defendant in her official capacity, because the allegations do not support an inference that the defendant's actions and inactions were taken pursuant to official custom, policy or practice of the municipality. The Court finds that allowance of an opportunity for leave to amend as to the official capacity claim would be futile in the circumstances presented.

The matter therefore will proceed to service and a response on the individual capacity claim.

It is therefore ordered that the application to proceed *in forma pauperis* (dkt. no. 1) is granted. Plaintiff shall not be required to pay an initial partial filing fee. However,

///

1  even if this action is dismissed, the full filing fee still must be paid pursuant to 28 U.S.C.

2  § 1915(b)(2).

3      It is further ordered that plaintiff is permitted to maintain this action to conclusion

4  without the necessity of prepayment of any additional fees or costs or the giving of

5  security therefor. This order granting *forma pauperis* status shall not extend to the

6  issuance of subpoenas at government expense.

7      It is further ordered that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada

8  Department of Corrections shall pay to the Clerk of the United States District Court,

9  District of Nevada, 20% of the preceding month's deposits to plaintiff's account (in the

10  months that the account exceeds $10.00) until the full filing fee has been paid for this

11  action.  The Clerk of the Court shall send a copy of this order to the Finance Division of

12  the Clerk's Office.  The Clerk shall also send a copy of this order to the attention of the

13  Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011,

14  Carson City, NV 89702.

15      It is further ordered that the Clerk shall file the complaint and that the claim

16  against the defendant in her official capacity only is dismissed without prejudice for

17  failure to state a claim upon which relief may be granted. The claim against the

18  defendant in her individual capacity remains before the Court.

19      The Clerk shall issue summons to the named defendants herein, and deliver

20  same, along with sufficient copies of the complaint, to the Marshal for service. The Clerk

21  further shall send plaintiff a sufficient number of USM-285 forms along with one (1) copy

22  of the papers submitted in this action.  Plaintiff shall have twenty (20) days in which to

23  furnish to the Marshal the required USM-285 forms. Within twenty (20) days after

24  receiving from the  Marshal a copy of the USM-285 form showing whether service has

25  been accomplished, plaintiff must file a notice with the Court identifying which

26  defendants were served and which were not served, if any.  If plaintiff wishes to have

27  service again attempted on an unserved defendant(s), then a motion must be filed with

28  the Court identifying the unserved defendant(s) and specifying a more detailed name

and/or address for said defendant(s), or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, plaintiff must complete service within 120 days from entry of this order.

It is further ordered that, henceforth, plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon their counsel, a copy of every pleading, motion or other paper submitted for consideration by the Court and shall include a certificate of such service with each paper submitted to the Court. Moreover, all requests for relief herein must be made by motion rather than letter.

DATED THIS 16th day of April 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4