# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| KIRT D. ROBINSON, | ) | 3:13-cv-00422-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| | ) | **re:** Plaintiff's Response to 4(m) Notice |
| vs. | ) | |
| | ) | (Doc. #15) |
| MR. NAGEL, et al. | ) | |
| Defendants. | ) | |
| KIRT D. ROBINSON, | ) | 3:14cv-00149-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| | ) | **re:** Plaintiff's Response to 4(m) Notice |
| vs. | ) | |
| | ) | (Doc. #8) |
| SHANNON HOWELL, | ) | |
| Defendant. | ) | |

**ORDER**

Before the court is a combined response Kirt D. Robinson filed in the above cases with respect to Notices the court has entered advising Plaintiff his failure to effect service may cause the action to either be dismissed as to a certain defendant and/or in its entirety. (Docs. ## 15 and 8, respectively.) The court in this order is addressing the responses jointly as has Plaintiff. Henceforth, however, Plaintiff must **not** file combined documents in his two cases jointly but instead shall make his filings separately in each case.

The court will summarize the procedural posture of each case.

**Robinson v Mr. Nagle, 3:13 cv-00422-MMD-WGC:**

Plaintiff Robinson is currently housed at Northern Nevada Correctional Center (NNCC) but at the time of the events which are the subject of his civl rights action, he was a pre-trial detainee at the

1  Washoe County Detention Facility (WCDF) (Doc. # 4).[1] In this matter Plaintiff alleges that he was
2  subjected to involuntary servitude in violation of the Thirteenth Amendment to the United States
3  Constitution while incarcerated at WCDF . Named defendants in this action are "Mr. Nagel" (Count I),
4  "Mr. Bobby" (Count II) and "Head Nurse John Doe # 1" (Count III).  The claims were allowed to
5  proceed against the defendants in both their official and individual capacities (Doc. # 3 at 2).

6  Defendant Bobbi Paulsen is the only defendant to have appeared in this action. (Motion to
7  Dismiss/Motion for Summary Judgment; Doc. # 8.)  The court has issued a Notice Regarding Intention
8  to Dismiss Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure  as to defendant "Mr. Nagel"
9  (Doc. # 14).

10 **Robinson v Howell, 3:14-cv-00149-MMD-WGC:**

11 As with the earlier lawsuit, Plaintiff Robinson is currently housed at NNCC but at the time of
12 the events which are the subject of his civl rights action, he was a pre-trial detainee at the WCDF (Doc.
13 # 4). Plaintiff alleges while incarcerated at WCDF, he had serious medical needs which were the subject
14 of deliberate indifference by named defendant Shannon Howell in violation of the Eighth and Fourteenth
15 Amendments to the United States Constitution (Doc. # 3).  The § 1983 claim was allowed to proceed
16 again Ms. Howell in her individual capacity only. (*Id*. at 2.)

17 The court has issued a Notice Regarding Intention to Dismiss Pursuant to Rule 4(m) of the
18 Federal Rules of Civil Procedure (Doc. # 7).  Ms. Howell has not been served and no appearance has
19 been filed.

20 **Plaintiff's Response to 4(m) Notices (Doc. #15, 3:13-422; Doc. # 8, 3:14-149):**

21 Plaintiff first argues that all of the unserved defendants are being sued in their individual and
22 official capacities (*id* at 2).  As discussed above and as noted in the respective screening orders, that
23 representation is correct as to as to defendant Nagel but is incorrect as to defendant Howell.  Regardless,
24 plaintiff submits that unserved defendants Howell and Nagel were employees of the Washoe County
25 Sheriff's Department at the time of the events. According to the Returns of Service by the U.S. Marshal,
26 at the time service was attempted on the defendants, Defendants Howell and Nagel, "no longer works

---

[1] Refers to court's docket number.

for Washoe County" (Doc. # 15 at 4 (3:13-cv-422-MMD-WGC); Doc. # 8 at 3 (3:14-cv-149-MMD-WGC).

Plaintiff states that he has no other addresses for these defendants and asks "Washoe County Sheriff's Office" (which is not a defendant in the action) to send him the addresses for the defendants, and that he will effect service on them.

Because of security concerns about publicizing addresses of law enforcement, the court is not inclined to direct the one defendant who has appeared in these matters (Bobbi Paulsen) to provide this information. The U.S. District Court does not have the same informal agreement with the Washoe County District Attorney's Office as it does with the Attorney General of the State of Nevada regarding acceptance of service. However, the court requests counsel for defendant Paulsen to either file a notice of acceptance of service or alternatively submit the last known addresses for defendants Howell and Nagel under seal with the clerk of the court.

If service cannot be accepted for defendants Howell or Nagel, then upon the filing of the last known addresses, the Clerk of the court shall issue a summons for the unserved defendants in each case and send the same to the U.S. Marshal with the addresses provided under seal. The Clerk shall also send copies of the complaint and a copy of this order in each action to the U.S. Marshal for service on the appropriate unserved defendant. The Clerk shall also send to plaintiff one USM-285 form for each case. Plaintiff shall have until **twenty (20) days** thereafter to complete the USM-285 service forms and return them to the U.S. Marshal, 400 South Virginia Street, Room 201, Reno, Nevada 89501.

The submission of the last known addresses for either defendant Howell or Nagel will not constitute a general appearance in either matter before the court. The deadlines under Rule 4(m) are stayed for sixty (60) days from the date hereof.

Finally, Plaintiff's response suggests that in case no. 3:13-cv-00422, Shannon Howell is "Head Nurse Jane Doe #1." (Doc. # 15 at 4.) If plaintiff wishes to substitute Ms. Howell for the fictitiously named party, he should submit a request seeking that substitution.

IT IS SO ORDERED

DATED: September 24, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE