1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                                 **DISTRICT OF NEVADA**

8

9    KIRT D. ROBINSON,                        )          3:14-cv-00149-MMD-WGC
                                              )
10              Plaintiff,                     )          **NOTICE AND ORDER**
                                              )
11         vs.                                 )
                                              )
12   SHANNON HOWELL,                           )
                                              )
13              Defendant.                     )
     _____)

14

15                                    **ORDER**

16         In this case, Plaintiff has sued Shannon Howell for alleged civil rights deprivations. (Doc. # 4.)[1]

17   After leave was provided Plaintiff to proceed, Plaintiff was provided instructions with regard to service

18   on the defendant. (Doc. # 3.) Because no service had been effected on defendant Howell, this court

19   issued its notice regarding possible dismissal of Plaintiff's action. (Doc. # 7.)

20         Plaintiff responded to the court's Rule 4(m) notice by attaching several documents from what

21   appear to be attempts at service upon Ms. Howell and also upon a "Mr. Nagel." "Mr. Nagel," however,

22   is not a defendant in this case; he is only named in another of Plaintiff's civil rights cases, 3:13-cv-

23   00422-MMD-WGC. The service documents as to Mr. Nagel in this case are irrelevant.[2]

24         With regard to the one person who is a defendant in this case, Shannon Howell, Plaintiff was

25   advised in case no. 3:13-cv-00422-MMD-WGC that Ms. Howell no longer works at the Washoe County

26   Detention facility, and that when she did work there, she was an independent contractor associated with

27

28         [1] Refers to court's docket number.

           [2] See this court's orders entered this date in Robinson v. Nagel, 3:13-cv-00422-MMD-WGC. (Doc. ## 19. 20)

1  Corizon Health. (3:13-cv-00422-MMD-WGC; Doc. # 18 at 1; see Doc. # 17 at 3, 4.)

2  　　　It is Plaintiff's obligation to effect service on defendant Howell. As Plaintiff was previously

3  advised,

4  　　　Federal Rule of Civil Procedure 4(m) provides, in part, as follows:

5  　　　[I]f a defendant is not served within 120 days after the complaint is filed, the court – on
　　　motion or on its own after notice to the plaintiff – must dismiss the action without
6  　　　prejudice against the defendant or order that service be made within a specified time. But
　　　if the plaintiff shows good cause for the failure, the court must extend the time for
7  　　　service for an appropriate period...

8  Doc. # 7.

9  　　　The 120 day time period referred to in Doc.# 7 has already expired. It does not appear from the

10 record Plaintiff has completed service on Ms. Howell after being advised she no longer works out of the

11 Washoe County Detention facility.  Although Plaintiff's action is subject to a dismissal at this time,

12 notice is given to Plaintiff that this action shall be dismissed without prejudice as to Ms. Howell unless

13 **on or before February 14, 2015,** proof of service of Plaintiff's complaint upon defendant Howell has

14 been filed with the court, or good cause is shown why such service was not made prior to the deadline.

15 　　　Failure to comply with this Notice and Order shall result in the automatic dismissal of this action

16 without prejudice.

17 **IT IS SO ORDERED.**

18 DATED:  December 17, 2014.

19 　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　WILLIAM G. COBB
20 　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28